UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

CASE NO. 6:06-CV-353-KKC

CIT GROUP/CONSUMER FINANCE, INC.                                    PLAINTIFF

vs.                              **OPINION AND ORDER**

LANDAMERICA, COMMONWEALTH LAND
TITLE INSURANCE CO., AND CAPITAL TITLE
a/k/a CAPITAL MANAGEMENT, INC.                                      DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Objection to Notice of Removal (Rec. No. 5), which the Court has construed as a Motion to Remand. In accordance with 28 U.S.C. § 1447(c) the Court **REMANDS** this action to the Laurel Circuit Court having found for the following reasons that it lacks subject matter jurisdiction.

**I. FACTS**

This action was originally brought in Laurel Circuit Court in Laurel County, Kentucky on or about June 2, 2006. Default judgments were entered against all defendants on July 25, 2006. Defendants Commonwealth Land Title Insurance Co. ("Commonwealth") and Landamerica moved the Laurel Circuit Court to set aside the default judgments entered against them and by Agreed Order the court set aside the judgments on August 8, 2006. Commonwealth removed the action to this Court on August 11, 2006 based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. 28 U.S.C. § 1332 provides that a federal court has original "diversity" jurisdiction where the suit is between citizens of different

states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).

The amount in controversy does not appear to be in dispute, the Plaintiff, a citizen of Delaware, claims that this Court is without jurisdiction because Capital Title, a Kentucky resident, is a defendant in this action thereby rendering removal improper pursuant to 28 U.S.C. § 1441(b). That statute provides that an action based upon diversity is removable only if none of the defendants are citizens of the State in which such action is brought. 28 U.S.C. § 1441(b).

Commonwealth, a citizen of Nebraska, alleges that removal is proper because Capital Title is not a party to this action because at the time the action was removed a default judgment had been entered against Capital Title. Commonwealth argues that the only parties to this action are the Plaintiff and Commonwealth, therefore, diversity of citizenship is present and removal is proper.

## II. ANALYSIS

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction , the case shall be remanded." "A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/ Chemlawn, Inc.,* 72 F.3d 1253, 1254 (6th Cir. 1996). It is well-established that the federal courts are courts of limited jurisdiction. Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Walsh v. American Airlines, Inc.,* 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original

federal court action. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

"A defendant may remove a civil action brought in state court to federal court generally where federal jurisdiction is apparent from the complaint. An action is also later removable, under limited circumstances, if federal jurisdiction later arises as a consequence of an amendment to the complaint where the plaintiff raises a federal question or drops non-diverse or resident defendants." *Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 356 (W.D.Ky., 1994) (citations omitted). Commonwealth filed a Notice of Removal to this Court after a default judgment was entered against Capital Title, a non-diverse defendant, on the assumption that this case became removable following such action by the court. "In diversity cases, however, later removal is permissible only if complete diversity is created by *voluntary* dismissal of a non-diverse defendant." *Id*. at 356 (emphasis added). Therefore, Commonwealth was permitted to remove this case only if Capital Title was dismissed from the action by a voluntary act of the Plaintiff.

In *Saylor v. General Motors Corp*., 416 F.Supp. 1173 (E.D.Ky., 1976), the court explains the notion of "voluntary" dismissal. In *Saylor*, a plaintiff, who was a resident of Kentucky, brought an action against multiple defendants one of which was a resident of Kentucky. During the course of the action, the Kentucky defendant was granted summary judgment. Thereafter, the remaining defendant, a non-resident, filed a petition for removal to federal court. The plaintiff, in a motion to remand, argued that the dismissal of the Kentucky defendant was not voluntary, therefore, removal was improper. The court defined the voluntary-involuntary rule as follows: "If, though, apart from fraudulent joinder, plaintiff states a non-removable case in his initial

3

complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff." *Id*. at 1175. The court in *Saylor* held that dismissal of a defendant on summary judgment is not a voluntary action on the part of the plaintiff to make the cause removable. "It cannot be said that the plaintiff would not have appealed from the order of dismissal. Therefore, the petition for removal was prematurely filed since there had been no final elimination of the resident defendant in the state court." *Id*. at 1175.

"The rationale and meritorious purpose of the voluntary-involuntary test is the prevention of premature removals in cases where the issue of the resident defendant's dismissal has not been finally determined in the state court." *Id*. at 1175.

A default judgment, like summary judgment, is not a voluntary act of the plaintiff. *See Burke v. General Motors Corp*., 492 F.Supp. 506, 507 (N.D. Ala. 1980); *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F. Supp. 1343 (D. Maine 1982)*; One American Corp v. Fidelity and Deposit Co. of Maryland*, 1992 WL 394938 (E.D. La. 1992) (unreported); *Merritt v. Mazda Motor of America, Inc.*, 103 F.Supp.2d 1305 (M.D. Ala. 2000). The default judgment entered against Capital Title did not constitute a voluntary act on the part of the plaintiff, therefore, removal was not proper. The court in *Burke v. General Motors Corp*. offered the following explanation for why a default judgment is not a voluntary act of the plaintiff:

> First, default judgments arise by operation of law, although the plaintiff's attorney, as a formal matter, moves the court to enter judgment. But the court could enter a default judgment of its own motion. Whether a default judgment be regarded as a method of enforcing the court's process against a defendant who has ignored it, or whether default be regarded as a confession of liability by a defendant justifying the entry of judgment against him, the fact is that the entry of a default judgment is the act of the court, not of the plaintiff. Second, when a plaintiff pursues a defendant to

4

the point of a default judgment, he has not removed that defendant from the case, as by voluntary dismissal of the claim against him, or by amendment of the pleadings, or by electing to proceed against a non-resident defendant when the resident defendant has not been served with process. Rather, the plaintiff here has pressed his claim against the defaulting defendant to the ultimate.

492 F.Supp. at 507 (quoting *Higgins v. Yellow Cab Co.*, 68 F.Supp 453 (N.D. Ill.1946)).

### III. CONCLUSION

Commonwealth removed the action to this Court based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 following entry of default judgment against Capital Title, a non-diverse defendant. An action may become removable if complete diversity is created by voluntary dismissal of a non-diverse defendant in state court. A default judgment does not constitute voluntary dismissal, therefore, Capital Title, a Kentucky resident, remains a party to this action. This Court, therefore, lacks subject matter jurisdiction over this action and the case will be remanded pursuant to 28 U.S.C. § 1447(c).

Accordingly, **IT IS HEREBY ORDERED** that:

(1) This case is **REMANDED** to the Laurel Circuit Court.

(2) This case is **STRICKEN** from the active docket of this Court.

Dated this 24th day of October, 2006.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**

5